UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN 24 P 2: 31

U.S. DISTRICT COURT
DISTRICT OF MASS.

WILLIAM RYAN and JOHN J. SHAUGHNESSY,
as they are TRUSTEES, INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 4 HEALTH
AND WELFARE, PENSION AND ANNUITY FUNDS,
and LOUIS G. RASETTA and CHRISTOPHER
BARLETTA, as they are TRUSTEES, HOISTING AND
PORTABLE ENGINEERS LOCAL 4 APPRENTICE
AND TRAINING FUNDS and INTERNATIONAL
UNION OF OPERATING ENGINEERS, LOCAL 4,
Plaintiffs,

vs.

MKM SITE DEVELOPMENT CORP.,
Defendant

C.A. No. 03-12248 RWZ

## AFFIDAVIT OF JAMES BUCCI

1. My name is James Bucci. I am the Field Agent for the International Union of Operating Engineers Employee Benefit Funds ("Funds"). In my capacity as Field Agent, I audit the books and records of, and collect fringe benefit contributions owed by, contractors that are signatory to collective bargaining agreements with the International Union of Operating Engineers Local 4 ("Union").

2. On or about April 28, 2003, MKM Site Development Corp. ("MKM") signed an agreement with the Union (the "Agreement") whereby MKM agreed to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of Collective Bargaining Agreements requiring contributions to the Funds, and to any successor

agreements. A true and accurate copy of the Agreement is attached to the Complaint as Exhibit A.

3. MKM thus became party to two Collective Bargaining Agreements with the Union: the Shop Agreement, which is effective from May 1, 2003 through May 31, 2006 and the Utility Agreement, which is effective from January 1, 1999 through May 31, 2005. True and accurate copies of these Collective Bargaining Agreements are attached to the Complaint as Exhibits B and C, respectively.

4. Under the Collective Bargaining Agreements, MKM was bound to make benefit contributions to the Funds on behalf of its operator employees by the tenth day of the month after the month in which work was performed.

5. Article VII of the Utility Agreement provides that interest will be assessed at the rate of 1% per month on all delinquent contributions and that the delinquent employer will pay all costs of collection, including attorney's fees.

6. On or about October 6, 2003, I audited the payroll records of MKM for the period July through October, 2003 and determined that MKM owes the Funds $68,673.33 for the period covered by the audit. Thus, combined with the $6,406.45 in interest that MKM would owe on the unpaid balance if all contributions were paid by the end of June 2004, MKM has a total liability of $75,079.78.

7. By letter dated October 8, 2003 and sent return receipt requested, I notified MKM of the audit results and sought payment of the delinquent contributions. The amounts owed in the letter included any interest that had accrued as of the date of the letter. A true and accurate copy of the October 8, 2003 letter is attached to the Complaint as Exhibit D.

2

8. To date, MKM has failed to pay the Funds any of the $68,673.33 in benefit contributions due for the period July through October, 2003. It has also failed to pay the interest and penalties owed.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 24th DAY OF JUNE, 2004.

_____
James Bucci

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above Affidavit has been served by certified and first class mail upon the Defendant, MKM Site Development Corp. at 69 Milk Street, Suite #200, Westborough, MA 01581 this 24 day of June, 2004.

_____
Gregory A. Geiman, Esquire

ARS/gag/krs
3118 03-375/affbucci.doc